ORIGINAL

FILED

JUL 1 4 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew J. Bramhall (Bar No. 253115)
2   andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
3   Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
4   Facsimile:   (650) 801-5100

5   PATTERSON BELKNAP WEBB & TYLER LLP
Lewis V. Popovski (*pro hac vice application to be filed*)
6   Email:  lpopovski@pbwt.com
1133 Avenue of the Americas
7   New York, New York 10036-6710
Telephone:   (212) 336-2000
8   Facsimile:   (212) 336-2222

9   Attorneys for Defendants
SONY MOBILE COMMUNICATIONS (CHINA) CO., LTD.
10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                                          Case No. 17 MC 80090 NC

14   *In re* Ex Parte Application of Sony Mobile      ***EX PARTE* EMERGENCY APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C.**
15   Communications (China) Co., Ltd.,            **§ 1782 GRANTING LEAVE TO OBTAIN
DISCOVERY FROM APPLE FOR USE IN**
16                                          **FOREIGN PROCEEDINGS AND
SUPPORTING MEMORANDUM**
17                  Applicant.

18

19

20

21

22

23

24

25

26

27

28

00811-99580/9422554.1
99999-00830/9422318.1

1    Applicant Sony Mobile Communications (China) Co., Ltd. ("Sony") respectfully submits this

2    emergency *ex parte* application for an order authorizing discovery pursuant to 28 U.S.C. § 1782

3    ("Application").[1]  This application is supported by the memorandum of points and authorities below

4    and the declaration of Shi Yusheng, Sony's counsel in the People's Republic of China ("PRC").  A

5    proposed order is attached as Exhibit A and the subpoena which Sony seeks leave to issue is

6    attached as Exhibit B.

7    **I.      INTRODUCTION**

8         The present Application seeks narrow discovery from Apple, Inc. ("Apple") for use in a

9    patent infringement lawsuit brought by China IWNCOMM Co., Ltd. ("IWNCOMM") against Sony

10   in the People's Republic of China.  The suit alleges Sony infringes a sole Chinese patent that is

11   alleged to cover a Chinese telecommunications standard and, as such, is alleged to be a standard

12   essential patent subject to fair, reasonable and non-discriminatory licensing obligations.  The

13   discovery sought consists of a license agreement(s) that concerns the sole patent in suit.  It is needed

14   to assess the reasonableness of the royalty sought by the plaintiff.  Pursuant to 28 U.S.C. § 1782

15   ("Section 1782") interested parties are authorized to seek and obtain discovery from third parties

16   located within the United States for use in foreign legal proceedings.  Because of the lack of any

17   means to obtain this discovery within the framework of the Chinese lawsuit, the present Section

18   1782 application is the only available means for Sony to obtain the requested discovery.  Expedited

19   review of this application is respectfully requested because the discovery being sought is needed for

20   a hearing scheduled for August 1, 2017.

21

22

23

24   [1] "It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted *ex parte*." *In re Application of*

25   *Google Inc.*, No. 14-mc-80333-DMR, 2014 U.S. Dist. LEXIS 173085, at *5 (N.D. Cal. Dec. 15, 2014). *Accord, In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80046-MEJ, 2016

26   U.S. Dist. LEXIS 38911, at *6 (N.D. Cal. Mar. 24, 2016) ("Section 1782 petitions are regularly reviewed on an *ex parte* basis"); *In re Ex Parte Application of Motorola Mobility, LLC*, No. C 12-

27   80243 EJD (PSG), 2012 U.S. Dist. LEXIS 149679, at *3 (N.D. Cal. Oct. 17, 2012) ("It is common for requests to obtain an order pursuant to Section 1782 to be conducted ex parte").

28   00811-99580/9422554.1

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

## II.     FACTUAL BACKGROUND

### A.     Patent Proceedings in the PRC

Sony Mobile Communications (China) Co., Ltd. ("Sony") is a company organized under the laws of China with headquarters in Beijing, China.  Declaration of Shi Yusheng ("Yusheng Decl."), ¶ 2.  On June 25, 2015, a Chinese entity, China IWNCOMM Co., Ltd. ("IWNCOMM"), filed a patent infringement lawsuit against Sony in the Beijing Intellectual Property Right Court, the First Instance Court, alleging that certain mobile phones produced and sold by Sony infringe Chinese patent No. ZL02139508.X ("the asserted patent") entitled "Method for secure access of WLAN mobile device and for secure data communication."  Yusheng Decl., ¶¶ 3-4.  The First Instance Court's decision issued on March 22, 2017 and held that Sony infringed the asserted patent.  *Id.* at ¶ 3.  The decision ordered an injunction against Sony and payment of damages and legal expenses.  *Id.*  Though titled as an "appeal," Chinese civil procedure allows the PRC Appellate Court to consider new evidence that was not before the First Instance Court.  *Id.* at ¶ 11.

### B.     Evidence Sought from Apple

Sony is seeking production of agreements between Apple and IWNCOMM providing a license to the asserted patent and related technology for its use in its above-noted appellate defense.  *Id.* at ¶ 9.  The terms of such agreements would be highly relevant to the proper calculation of royalty rate for the asserted patent and whether the royalty sought by plaintiff is fair, reasonable and non-discriminatory.  *Id.* at ¶¶ 6, 8.

The asserted patent is alleged to cover all implementations of a Chinese telecommunication standard called the WLAN Authentication and Privacy Infrastructure ("WAPI") standard.  The WAPI standard has been incorporated into the Chinese Wireless LAN National Mandatory Standard GB15629.11.  *Id.* at ¶ 5.  As a result of its inclusion in GB15629.11, implementation of the WAPI standard is mandatory for mobile phone providers in the PRC.  *Id.* at ¶ 5.  Patents, including the asserted patent, that are essential to implementation of the mandatory WAPI standard are subject to fair, reasonable and non-discriminatory ("FRAND") licensing obligations.  *Id.* at ¶¶ 5-6.  In addition, prior to filing its case against Sony, IWNCOMM filed a declaration in a proceeding before the

00811-99580/9422554.1

-3-

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

1  National Information Technology Standard Committee in China expressly agreeing to offer all

2  potential licensees a license to the asserted patent on FRAND terms. *Id.* at ¶ 6; Ex. C[2] at 2, 4.  As

3  such, license agreements that concern the asserted patent are relevant to a determination of whether

4  the royalty sought by IWNCOMM for the asserted patent is fair, reasonable and non-discriminatory

5  **III.     LEGAL STANDARD**

6          The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for

7  use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

8  Section 1782 provides in relevant part:

> (a) The district court of the district in which a person resides or is
> found may order him to give his testimony or statement or to produce
> a document or other thing for use in a proceeding in a foreign or
> international tribunal . . . . The order may be made . . . upon the
> application of any interested person and may direct that the testimony
> or statement be given, or the document or other thing be produced,
> before a person appointed by the court. . . . The order may prescribe
> the practice and procedure, which may be in whole or part the practice
> and procedure of the foreign country or the international tribunal, for
> taking the testimony or statement or producing the document or other
> thing. To the extent that the order does not prescribe otherwise, the
> testimony or statement shall be taken, and the document or other thing
> produced, in accordance with the Federal Rules of Civil Procedure. A
> person may not be compelled to give his testimony or statement or to
> produce a document or other thing in violation of any legally
> applicable privilege.

18  28 U.S.C. § 1782(a).

19          Under the statute, a district court is authorized to grant a Section 1782 application where "(1)

20  the person from whom discovery is sought resides or is found in the district of the district court to

21  which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal,

22  and (3) the application is made by a foreign or international tribunal or any interested person." *In re*

23  *Application of Google Inc.*, 2014 U.S. Dist. LEXIS 173085, at *4.  All these factors are present here.

24          In addition, the Supreme Court has identified several discretionary factors that district courts

25  should take into consideration when ruling on an application made under Section 1782:

26

27  [2] Exhibits C through F can be found as attachments to the Declaration of David Cooperberg, filed
    herewith.

28  00811-99580/9422554.1

-4-

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) and whether the subpoena contains unduly intrusive or burdensome requests.

*Id.*, at *4-5, *citing Intel*, 542 U.S. at 264-65. "It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted *ex parte*." *In re Application of Google*, 2014 U.S. Dist. LEXIS 173805, at *5. Section 1782 *ex parte* applications are routinely granted. *See, e.g., In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-mc-80193-DMR, 2016 U.S. Dist. LEXIS 159681, (N.D. Cal. Nov. 17, 2016); *In re: Ex Parte Application of: Mentor Graphics Corp.*, No. 16-mc-80037-HRL, 2017 U.S. Dist. LEXIS 1840 (N.D. Cal. Jan. 04, 2017); *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911; *In re: Ex Parte Application of Apple Inc.*, No. 15-cv-1780 BAS(RBB), 2015 U.S. Dist. LEXIS 137147 (S.D. Cal. Oct. 7, 2015); *In re Application of Google. Inc.*, 2014 U.S. Dist. LEXIS 173805; *In re Ex Parte Application of Motorola Mobility, LLC*, 2012 U.S. Dist. LEXIS 149679; *In re Ex Parte Application LG Elecs. Deutschland GmbH*, No. 12-cv-1197-LAB (MDD), 2012 U.S. Dist. LEXIS 70570 (S.D. Cal. May 21, 2012); *In re Ex Parte Application of Apple Inc.*, No. MISC 12-80013 JW, 2012 U.S. Dist. LEXIS 66669 (N.D. Cal. May 2, 2012).

This is especially the case where the discovery sought is directed to patent license agreements relevant to the determination of patent infringement damages in foreign appellate proceedings. *See, e.g., IPCOM GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 924 (N.D. Cal. 2014).

## IV.   Each Requirement of Section 1782 Is Satisfied

The instant application meets each of the statutory and discretionary statutory requirements and thus should be granted.

00811-99580/9422554.1

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

**A.     Sony's Application Meets each Statutory Requirement of Section 1782**

      **1.     Apple Resides or is Found in This District**

The first requirement of § 1782(a) is met because Apple "resides" in California and is "found" within this District. Apple has its corporate headquarters, as well as a retail location, in Cupertino, CA, which is located within this District. *See* Ex. D (http://www.apple.com/contact/) and Ex. E (http://www.apple.com/retail/infiniteloop/) (each last visited July 11, 2017). Apple is also incorporated in California and has its principal executive offices in Cupertino, CA. Ex. F at 1 (Form 10-Q of Apple Inc. for period ending April 1, 2017).

      **2.     Sony Seeks Discovery for Use in a Proceeding Before a Foreign Tribunal**

The second requirement of § 1782(a) is met because the discovery sought by Sony is for immediate use in a lawsuit currently pending in the High People's Court of Beijing from a decision of the First Instance Court in a patent infringement suit brought against Sony. Yusheng Decl., ¶¶ 3, 10-11. Sony seeks licensing agreements between IWNCOMM and Apple that pertain to the patent at issue in the PRC lawsuit. Yusheng Decl., ¶¶ 6. 8. Such agreements are relevant in the PRC lawsuit to demonstrate whether the royalty sought by plaintiff from Sony is fair, reasonable and non-discriminatory. *Id.* Federal courts in the United States have long recognized that judicial proceedings adjudicating patent infringement, pending before a foreign tribunal, satisfy the requirements of 28 U.S.C. § 1782.[3]

---

[3] *See, e.g., In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, 2016 U.S. Dist. LEXIS 159681 (granting application to obtain discovery for use in patent proceedings in China); *In re: Ex Parte Application of Mentor Graphics Corp.*, 2017 U.S. Dist. LEXIS 1840 (partially granting application to obtain discovery for use in patent-related proceeding in France); *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911 (granting application seeking discovery for use in patent infringement proceeding in Germany); *In re: Ex Parte Application of Apple Inc.*, 2015 U.S. Dist. LEXIS 137147 (S.D. Cal. Oct. 7, 2015) (granting application seeking discovery for use in patent infringement proceedings in the United Kingdom, Germany, and the Netherlands); *In re Application of Google. Inc.*, 2014 U.S. Dist. LEXIS 173805 (granting ex parte application seeking discovery for use in international patent proceedings in Germany and the United Kingdom); *In re Ex Parte Application of Motorola Mobility, LLC*, 2012 U.S. Dist. LEXIS 149679 (granting application seeking discovery for use in patent proceedings in Germany); *In re Ex Parte Application LG Elecs. Deutschland GmbH*, 2012 U.S. Dist. LEXIS 70570 (granting application seeking discovery for use in patent infringement proceedings in Germany and Japan); *In re Ex Parte Application of Apple Inc.*, 2012 BL 420804 (N.D. Cal. May 2, 2012) (denying motion to quash

00811-99580/9422554.1

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

### 3. Sony is an Interested Person

Sony qualifies as an "interested person" under Section 1782(a) because it is a party to the litigation proceeding in China for which the discovery is sought. *See* Yusheng Decl., ¶ 3. As stated by the Supreme Court, "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke 1782." *Intel*, 542 U.S. at 256.

Accordingly, Sony has satisfied the statutory requirements for an application under 28 U.S.C. § 1782(a).

### B. Each of the Discretionary Factors Strongly Favor Granting Sony's Application

All four of the discretionary factors identified by the Supreme Court in *Intel* weigh in favor of the Court exercising its discretion to grant Sony's application.

### 1. Apple is Not a Participant in the Foreign Proceeding

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court in *Intel* recognized that the assistance of a federal court under § 1782 is most needed where, as here, the evidence is sought from a non-participant in the foreign proceedings. *Id.* "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent 1782(a) aid." *Id. Accord, London v. Does*, 279 Fed. Appx. 513, 515 (9th Cir. 2008) (affirming district court denial of motion to quash subpoena for documents that was granted under § 1782, where discovery was sought from a third party that was not a participant in the foreign legal proceeding); *In re Application of Google. Inc.*, 2014 U.S. Dist. LEXIS 173085 (same); *In re Ex Parte Application of Motorola Mobility, LLC*, 2012 U.S. Dist. LEXIS 149679 (same); *In re Ex Parte Apple Inc.*, 2012 U.S. Dist. LEXIS 66669 (N.D. Cal. May 2, 2012) (same); *In re Ex Parte Application of Am. Petroleum Inst.*, No. 5:11-mc-8008-JF, 2011 WL 10621207 (N.D. Cal. April 7, 2011) (same).

---

subpoena, issued pursuant to Section 1782, that seeks discovery of plaintiff's licenses to defendants' competitors for FRAND analysis use in German patent infringement proceeding).

00811-99580/9422554.1

-7-

1    Here, Apple is not a participant in any of the foreign proceedings at issue.  Yusheng Decl., ¶

2    12.  Accordingly, the first *Intel* factor weighs heavily in favor of granting Sony's application.

3           **2.**      **The Tribunals in China Are Receptive to U.S. Judicial Assistance**

4         The second discretionary factor under *Intel* is "the nature of the foreign tribunal, the

5    character of the proceedings underway abroad, and the receptivity of the foreign government or the

6    court or agency abroad to U.S. federal-court judicial assistance."  *Intel*, 542 U.S. at 264.  This factor

7    weighs in favor of granting Sony' application, because Courts in this district have recognized the

8    receptivity of the Chinese judicial system to evidence obtained on applications under § 1782.  *See In*

9    *re Ex Parte Application of Am. Petroleum Inst.*, 2011 WL 10621207, at *3 (issuing a subpoena to

10   Google to provide documents for use in connection with six cases in China involving copyright,

11   trademark and unfair competition, finding *Intel*'s second factor neutral given the lack of evidence

12   that was presented by the applicant); *In re Application of TPK Touch Sols. (Xiamen) Inc.*, 2016 U.S.

13   Dist. LEXIS 159681, at *7-8 (granting TPK's ex parte application for written discovery in a patent

14   litigation proceeding pending in China and finding the *Intel*'s second factor weighed in favor of

15   granting discovery).

16        Moreover, a prior license agreement that concerns the very patent at issue, would be highly

17   relevant to the reasonableness of the royalty being sought and, thus, highly likely to be considered by

18   the PRC Court.  Yusheng Decl., ¶¶ 6-8.  Accordingly, this second discretionary factor weighs

19   strongly in favor of granting Sony's application.

20          **3.**      **Sony's Request Is Not an Attempt to Circumvent the Procedures of the**

21                     **Court in China**

22        The third *Intel* factor considers whether an applicant is seeking in bad faith "to circumvent

23   foreign proof-gathering restrictions or other policies of a foreign country or the United States."

24   *Intel*, 542 U.S. at 264-65.  This is not the case here.  While the Civil Procedure Law governing the

25   proceeding in China does not provide for discovery, there are no restrictions or policies that would

26   prohibit Sony from seeking discovery of the license agreements identified in Sony's subpoena (Ex.

27   B) via this Section 1782 application.  Yusheng Decl., ¶ 13.  To the contrary, the evidence sought is

28   00811-99580/9422554.1

99999-00830/9422318.1

highly relevant to the determination of fair and reasonable royalty rate at issue in the PRC case, and

Sony anticipates that such agreements will be admissible in the Chinese proceedings. Yusheng

Decl., ¶¶ 8, 11. Indeed, Courts in the District have previously found this *Intel* factor weighed in

favor of granting § 1782 applications seeking the production of evidence for use in litigation

proceedings in China. *See, e.g., In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, 2016.

U.S. Dist. LEXIS 159681, at *8; *In re Ex Parte Application of Am. Petroleum Inst.*, 2011 WL

10621207, at *2. Accordingly, the third discretionary factor under *Intel* weighs in favor of granting

Sony's application.[4]

### 4.    Sony's request is not unduly intrusive or burdensome

The fourth and final *Intel* factor provides that "unduly intrusive or burdensome requests may

be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Sony has narrowly tailored its requests to call

for a small number of documents:

> 1.    Agreements between Apple Inc. or its subsidiaries or affiliates (collectively, "Apple") and China IWNCOMM Co., Ltd. or its subsidiaries or affiliates (collectively, "IWNCOMM") regarding Chinese patent No. ZL02139508.X or foreign equivalents, together with amendments, supplements, or side letters.
>
> 2.    Agreements between Apple and IWNCOMM regarding technology incorporated in the WAPI standard, together with amendments, supplements, or side letters.
>
> 3.    Agreements between Apple and IWNCOMM regarding technology incorporated in the Chinese Wireless LAN National Mandatory Standard GB15629.11, together with amendments, supplements, or side letters.

Ex. B at Attachment A.

Finally, any concern regarding the confidentiality of the information being produced "do not

pertain to the intrusiveness or burdensomeness of the subpoena" and can be readily addressed by

entry of a suitable protective order, the form of which Sony will negotiate with counsel for Apple.

---

[4] A section 1782 application does not need to show that the materials sought would be discoverable in the foreign jurisdiction. *Intel, 542* U.S. at 262 ("When the foreign tribunal would readily accept relevant information discovered in the United States, application of a foreign-discoverability rule would be senseless.").

00811-99580/9422554.1

1  *See In re Ex Parte Application of Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, at *10 n.9; *Minatec Fin.*

2  *S.A.R.L. v. SI Grp. Inc.*, No. 1:08-cv-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at * 29

3  (N.D.N.Y. Aug. 18, 2008) ("[T]he beauty of § 1782 is that it permits this Court to impose a

4  protective order that would extinguish any concern that privileged, confidential, or proprietary

5  information would be indecorously revealed.").

6      In any case, Sony will seek to limit disclosure of any produced documents to the Court and

7  counsel for the parties. Yusheng Decl., ¶ 16.

8      **C.    Time is of the Essence**

9      Sony is seeking expedited review of this application because Sony received a Notice of

10  Hearing from the PRC Appellate Court only weeks ago, on June 19, and the hearing on Sony's

11  appeal is scheduled for August 1, 2017. *Id.* at ¶ 10. At this hearing, the PRC Appellate Court will

12  review any new evidence offered as it pertains to the Case. *Id.* at ¶ 8, 11. Sony will be expected to

13  present evidence to support its claim that the licensing rate offered to Sony by IWNCOMM is

14  inappropriate. *Id.* at ¶ 6. Sony only recently learned that a license agreement that concerns the

15  asserted patent may have been entered into between Apple and the IWNCOMM. *Id.* at ¶ 7. Further,

16  based on information and belief, the royalty contained in such agreement is substantially lower than

17  the royalty sought by IWNCOMM from Sony in the Case. *Id.* Accordingly, Sony has filed this

18  application on an emergency basis.

19  **V.    CONCLUSION**

20      Sony's application satisfies each of the statutory requirements set forth in 28 U.S.C. §1782.

21  The discretionary factors applied by courts in considering § 1782 applications also weigh strongly in

22  favor of granting this application. Accordingly, Sony respectfully requests that the Court grant this

23  application and issue the concurrently filed proposed order, attached hereto as Exhibit A, allowing

24  Sony to issue the subpoena attached hereto as Exhibit B.

00811-99580/9422554.1

-10-

1   DATE: July 14, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


*/s/ Andrew J. Bramhall*
Andrew J. Bramhall (Bar No. 253115)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801 5000
Facsimile:    (650) 801 5100

Lewis V. Popovski (*pro hac vice application to be filed*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336-2000
Fax: (212) 336-2222


*Attorneys for Applicants*

00811-99580/9422554.1

99999-00830/9422318.1

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re* Ex Parte Application of Sony Mobile

Communications (China) Co., Ltd.,

Applicant.

Case No. _____

**[PROPOSED] ORDER GRANTING SONY'S**
***EX PARTE* EMERGENCY APPLICATION**
**FOR AN ORDER PURSUANT TO 28 U.S.C.**
**§ 1782 GRANTING LEAVE TO OBTAIN**
**DISCOVERY FROM APPLE FOR USE IN**
**FOREIGN PROCEEDINGS**

-1-   [PROPOSED] ORDER RE EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782; CASE NO. _____

1   This matter comes before the Court on the *Ex Parte* Application of Sony Mobile
2   Communications (China) Co., Ltd. ("Sony"), for an Order to Obtain Discovery for Use in
3   Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) ("Application"), which seeks documents
4   from Apple Inc. ("Apple") for use in a patent infringement lawsuit brought by China
5   IWNCOMM Co., Ltd. against Sony in the People's Republic of China.
6       The Court, having fully considered the papers on file and submitted herewith, and good
7   cause appearing:
8       **HEREBY GRANTS** the Application of Sony.
9       **IT IS HEREBY ORDERED THAT SONY IS GRANTED LEAVE TO** issue a
10  subpoena for documents in substantially the same form as attached as Exhibit __ to the
11  Application, directing Apple to produce the documents requested at the offices of counsel for
12  Sony, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY
13  10036-6710, or another location mutually agreeable to Sony and Apple.

14

15      IT IS SO ORDERED.

16

17  Dated: _____                          _____

18                                                     United States District Judge

19

20

21

22

23

24

25

26

27                          -2-   [PROPOSED] ORDER RE EX PARTE APPLICATION
                                  PURSUANT TO 28 U.S.C. § 1782; CASE NO. _____
28

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Sony Mobile Comunications (China) Co., Ltd. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Apple Inc.
_____
*(Name of person to whom this subpoena is directed)*

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachement A

| Place: Patterson Belknap Webb & Tyler LLP<br>     1133 Avenue of the Americas<br>     New York, NY, 10036-6710 | Date and Time: |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            *CLERK OF COURT*
                                   OR

        _____        _____
          *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Sony Mobile Communications (China) Co., Ltd _____ , who issues or requests this subpoena, are:

---

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

1.      Agreements between Apple Inc. or its subsidiaries or affiliates (collectively, "Apple") and China IWNCOMM Co., Ltd. or its subsidiaries or affiliates (collectively, "IWNCOMM") regarding Chinese patent No. ZL02139508.X or foreign equivalents, together with amendments, supplements, or side letters.

2.      Agreements between Apple and IWNCOMM regarding technology incorporated in the WAPI standard, together with amendments, supplements, or side letters.

3.      Agreements between Apple and IWNCOMM regarding technology incorporated in the Chinese Wireless LAN National Mandatory Standard GB15629.11, together with amendments, supplements, or side letters.